**Kenneth R. CORNWALL, Appellee,**

v.

**U.S. CONSTRUCTION MANUFACTURING, INC., Appellant.**

**Kenneth R. CORNWALL, Appellant,**

v.

**U.S. CONSTRUCTION MANUFACTURING, INC., Appellee.**

Appeal Nos. 85–2442, 85–2767.

United States Court of Appeals, Federal Circuit.

Sept. 2, 1986.

F. Prince Butler, Griffin, Branigan & Butler, Arlington, Va., argued, for appellant, U.S. Const. Mfg., Inc.

Stanley H. Eleff and Edward C. LaRose, Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, Tampa, Fla., argued, for appellee Kenneth R. Cornwall.

Before RICH, Circuit Judge, BENNETT, Senior Circuit Judge, and BISSELL, Circuit Judge.

BISSELL, Circuit Judge.

In No. 85–2442, U.S. Construction Manufacturing, Inc. (USCM) appeals from a lia-

bility judgment of the United States District Court for the Southern District of Florida holding that USCM infringed United States Patent No. 4,261,598 issued to Kenneth R. Cornwall ('598 patent), USCM arguing that the district court improperly excluded evidence of invalidity. We vacate and remand for a new trial. In No. 85–2767, Cornwall appeals from that court's separate judgment on damages, arguing that the district court improperly calculated the amount of damages. In light of our disposition of the liability judgment, we also vacate the damages judgment.

## BACKGROUND

In December 1983, Cornwall sued USCM for infringement of his '598 patent, seeking damages and injunctive relief. USCM filed its answer in January 1984, denying the material allegations of the complaint. By an order dated July 17, 1984, the trial court granted USCM's motion to bifurcate the issues of liability and damages. In January 1985, the parties filed a pretrial stipulation. In that stipulation, USCM wrote in its statement of the case that it "contends that Cornwall's patent is invalid." Also in the stipulation, under both the issues of fact and the issues of law headings, the parties included the issue "[w]hether Cornwall Patent No. 4,261,598 is a valid patent."

A week later, on January 14, 1985, USCM served a Notice of Filing by which it filed its witness and exhibit lists which it had omitted from the Pretrial Stipulation. In that document, USCM listed as exhibits:

6. Request for Reexamination filed May 30, 1984 on behalf of U.S. Construction with attachments.

7. Order on Request for Reexamination dated August 3, 1984.

8. Petition Under 37 C.F.R. 1.515(c) and 37 C.F.R. 1.181 to Review the Denial of the Request for Reexamination and Attachments Thereto.

9. Decision dated October 3, 1984 on Petition for Reconsideration.

In the same document, Gerold Harbeke and Kenneth Cornwall were listed as witnesses.

Cornwall filed no objection to this document.

The non-jury trial, originally scheduled for August 1984 and later postponed to January 1985, was rescheduled for April 1, 1985, by an order dated January 29, 1985. On March 5, 1985, USCM served on Cornwall a Notice of Intent to Rely on Prior Art, listing four patents and an assertion of public use. On March 11, 1985, USCM filed a motion to amend its answer to include the affirmative defense of invalidity. The court denied USCM's motion to amend its answer, and the trial commenced on April 10, 1985. During the trial, the district court sustained objections by Cornwall's counsel and did not allow USCM (1) to cross-examine Cornwall about prior art, (2) to conduct a direct examination of Harbeke, USCM's sole shareholder, with respect to prior art, or (3) to introduce any exhibits, including any patents, bearing on validity. USCM made an offer of proof which included a German patent, No. 2615428, and four United States patents, Nos. 2,684,518 (Whitlock), 3,463,691 (Martin), 3,542,402 (Caples), and 4,174,126 (Hauff).

## DISCUSSION

Because the jurisdiction of the district court was based on 28 U.S.C. § 1338, this court has jurisdiction of the appeal. 28 U.S.C. § 1295(a)(1).

The parties dispute whether the requirements of 35 U.S.C. § 282 have been satisfied. In pertinent part, § 282 provides:

The following shall be defenses in any action involving the validity or infringement of a patent and shall be pleaded:

. . . .

(2) Invalidity of the patent or any claim in suit on any ground specified in part II of this title as a condition for patentability.

(3) Invalidity of the patent or any claim in suit for failure to comply with any requirement of sections 112 or 251 of this title.

In paragraph three, the statute also provides:

In actions involving the validity or infringement of a patent the party asserting invalidity or noninfringement shall give notice in the pleadings or otherwise in writing to the adverse party at least thirty days before the trial, of the country, number, date, and name of the patentee of any patent, the title, date, and page numbers of any publication to be relied upon as anticipation of the patent in suit or, except in actions in the United States Claims Court, as showing the state of the art, and the name and address of any person who may be relied upon as the prior inventor or as having prior knowledge of or as having previously used or offered for sale the invention of the patent in suit. In the absence of such notice proof of the said matters may not be made at the trial except on such terms as the court requires.

The statute sets forth at least two distinct requirements. The defense of invalidity "shall be pleaded," and, respecting certain items of information, the party asserting invalidity "shall give notice." We consider these requirements separately.

### I  *Pleading*

■ Rule 8(c) of the Federal Rules of Civil Procedure requires that "a party shall set forth affirmatively" any matter constituting an affirmative defense. Since any matter that does not controvert the opposing party's prima facie case is to be affirmatively pleaded, it appears that the defense of invalidity is an affirmative defense. However, USCM asserts that it met the pleading requirements regarding defenses. In its answer to the complaint, USCM stated: "4.  The Defendant denies paragraph 4."  Written in a format somewhat similar to that illustrated in Form 16 of the Federal Rules of Civil Procedure, paragraph four of the complaint reads: "4.  United States Patent No. 4,261,598 entitled 'Concrete Floor Embedded Coupling For Plastic Pipe,' was duly and legally issued on April 14, 1981 to the inventor, Kenneth R. Cornwall.  A copy of said patent is attached hereto as Exhibit 1."

Cornwall's position on appeal, as it was before the district court, is that USCM had not pleaded invalidity as an affirmative defense.  We agree with Cornwall.  USCM has cited no authority in support of its position on the pleading issue that it met the "pleading requirements, including the requirements of 35 U.S.C. 282, regarding defenses."  We are aware of no case law directly on point which supports USCM and the commentators are contrary to USCM's position.  *See Electric Battery Co. v. Shimadzu*, 307 U.S. 5, 17, 59 S.Ct. 675, 682, 83 L.Ed. 1071 (1939) (affirmative defense of public use adequately pleaded when defendant, in addition to denying plaintiff's allegation of no public use, affirmatively asserted invalidity based on use by the defendant more than two years prior to application date); 5 C. Wright & A. Miller, *Federal Practice and Procedure*, §§ 1251, 1274, 1278 (1969); 2A J. Moore & J. Lucas, *Moore's Federal Practice* ¶¶ 8.19[4], 8.23, 8.27[3] (2d ed. 1986); R. White, R. Caldwell & J. Lynch, *Patent Litigation: Procedure & Tactics* § 3.03[2][b] (1985).

However, we do not agree with Cornwall that the denial of USCM's motion to amend its pleading is not reversible error. Amendments to pleadings are addressed in Rule 15 of the Federal Rules of Civil Procedure.  With respect to the Federal Rules, the Supreme Court has recently reminded us that the "principal function of procedural rules should be to serve as useful guides to help, not hinder, persons who have a legal right to bring their problems before the courts." *Schiavone v. Fortune*, —— U.S. ——, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986).  "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957).

■ In resolving a dispute involving Rule 15, we apply the discernible law of the Eleventh Circuit, *see Atari, Inc. v. JS & A Group, Inc.*, 747 F.2d 1422, 1438–40, 223

USPQ 1074, 1086–87 (Fed.Cir.1984); *In re International Medical Prosthetics Research Associates, Inc.*, 739 F.2d 618, 620 (Fed.Cir.1984), and the Fifth Circuit, *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc) (Eleventh Circuit adopts as precedent the decisions of the Fifth Circuit decided prior to October 1, 1981). The Eleventh Circuit reviews a district court's decision on a Rule 15(a) motion to amend an answer under an abuse of discretion standard. *Combee v. Shell Oil Co.*, 615 F.2d 698, 701 (5th Cir.1980). *See Local 472, Etc. v. Georgia Power Co.*, 684 F.2d 721, 724 (11th Cir.1982). It appears to be the law in the Eleventh Circuit that "there must be some reason or some factor making it reasonably necessary" to deny leave to amend. *Lone Star Motor Import, Inc. v. Citroen Cars Corp.*, 288 F.2d 69, 75 (5th Cir.1961). In denying leave to amend a complaint in that case, no reasons "were found or even mentioned by the District Court. The Judge simply entered the proffered order." *Id.* Perceiving no prejudice to the nonmovant and the likelihood of prejudice to the movant, the circuit court reversed. *Id.* at 75–77. The following year the Supreme Court decided *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), holding that the

> denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Id.* 371 U.S. at 182, 83 S.Ct. at 230.

■ Recently the Eleventh Circuit has confirmed the continuing vitality of *Lone Star,* emphasizing that that case expressed the importance of considering what effect the denial of a motion to amend would have on the movant. *Stevens v. Gay,* 792 F.2d 1000, 1003 (11th Cir.1986). We are not unaware of Eleventh Circuit cases affirming a district court's denial of leave to amend. *See, e.g., Loughan v. Firestone Tire & Rubber Co.,* 749 F.2d 1519, 1526 (11th Cir.1985) (no abuse in denying motion

to amend complaint to add an issue, even though that issue was contained in pretrial stipulation); *Paschal v. Florida Public Employees Relations Commission,* 666 F.2d 1381, 1384 (11th Cir.1982) (no abuse in denying without explanation, an oral motion to amend complaint). Nevertheless, we believe that, despite the delay in attempting to amend, the law in the Eleventh Circuit requires a reversal of the district court's decision denying the motion to amend the answer to add an affirmative defense because the district court did not discuss the factors which the Eleventh Circuit considers important, it did not offer any justifying reason for its decision, and because it appears that USCM was prejudiced by the denial.

## II *Notice*

USCM argues that the district court "abused its powers" in refusing to permit it to introduce any evidence pertaining to validity. Cornwall argues that the district court properly excluded testimony and exhibits regarding prior art for failure of USCM to comply with the notice requirements of § 282.

We observe that USCM's notice of intent to rely on prior art was no model for a notice that includes all the elements required by § 282 and that USCM's proffer included three patents not listed in the notice. However, we need not and do not reach the notice issue because our resolution of the pleading issue is dispositive.

## CONCLUSION

Applying the law of the Eleventh Circuit, we are persuaded that the district court abused its discretion in denying the motion to amend the answer. Accordingly, we vacate the liability judgment and, in turn, the damages judgment, and remand for a new trial. Echoing the comments of the Fifth Circuit:

> we take pains to make plain that nothing said or unsaid, nothing included or omitted, nothing implied or expressed is to be regarded as a determination or even an

intimation, one way or the other, on how this Court thinks this case or any of its numerous issues should be determined. The slate is literally wiped clean.

*Thermo King Corp. v. White's Trucking Service, Inc.*, 292 F.2d 668, 678, 130 USPQ 90, 97 (5th Cir.1961).

VACATED AND REMANDED.