**MVM, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant,**

**and**

**Akal Security, Inc., Intervenor.**

**No. 99–137 C.**

United States Court of Federal Claims.

Aug. 17, 2000.

James S. Phillips, Vienna, Virginia, for plaintiff. James S. DelSordo, Vienna, Virginia, of counsel.

James C. Caine, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, for defendant, with whom were Kathryn A. Bleecker, Assistant Director; David M. Cohen, Director; and David W. Ogden, Acting Assistant Attorney General. C. Joseph Carroll, U.S. Marshals Service, Arlington, Virginia, of counsel.

## OPINION AND ORDER

DAMICH, Judge.

### I. Introduction

This case is before the Court on the Plaintiff's motion to recover attorneys' fees as well as bid proposal and preparation costs. The Plaintiff also seeks an award of costs. The Plaintiff contends that it is entitled to an award of bid proposal and preparation costs under 28 U.S.C. § 1491(b)(2). In addition, the Plaintiff contends that it is entitled to an award of attorneys' fees under the Equal Access to Justice Act based on the "common benefit" exception to the "American rule." In the alternative, the Plaintiff argues that it qualifies for an award of attorneys' fees under an implied contract theory. The Court GRANTS the Plaintiff's motion in part and DENIES it in part.

The Court awards the Plaintiff bid preparation and proposal costs pursuant to 28 U.S.C. § 1491(b)(2). The Court further concludes that the Plaintiff does not qualify for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), and that attorneys' fees are not available under a breach of implied contract theory. Accordingly, the Court orders the Defendant to pay bid preparation and proposal costs of $24,790.

### II. Background Facts

This proceeding follows the Court's entry of judgment in favor of MVM, Inc. (the Plaintiff). *MVM, Inc. v. United States*, 46

Fed.Cl. 137 (2000). For a detailed description of the factual background of this case, see *MVM, Inc. v. United States*, 46 Fed.Cl. 126 (2000). A familiarity with the previous decisions is presumed. The following outline, however, is provided for convenience.

The U.S. Marshals Service ("the agency") issued a Request for Proposals ("RFP") for Courthouse Security Officers in the Eleventh Circuit. There are nine judicial districts in the Eleventh Circuit, including the Northern District of Florida. The RFP required that the bidders offer a price for the total contract, encompassing the nine districts, and that they also list their prices for each of these districts. The solicitation also alerted the prospective bidders that the agency might eliminate the Northern District of Florida from the RFP. At the time best and final offers ("BAFOs") for the Eleventh Circuit were due, the offerors had not been notified that the Northern District of Florida had been eliminated from the proposal.

After receiving the BAFOs, the agency removed the Northern District of Florida from the RFP. When the agency removed the Northern District of Florida, it did not amend the proposal. The Court held that this failure to amend violated FAR 15.206. *MVM, Inc. v. United States*, 46 Fed.Cl. at 131–32. The Court further found that when the Northern District of Florida was removed from the contract, Akal's price was inaccurate and, as a result, MVM was prejudiced. *MVM, Inc.*, 46 Fed.Cl. at 141.

Based on these findings, the Court granted the Plaintiff's motion for summary judgment. The Court entered an injunction requiring the Defendant (1) to amend the RFP to inform all offerors who were within the competitive range that it eliminated the Northern District of Florida and (2) to request new bids from all offerors within the competitive range. Altogether, six bidders were within the zone of active consideration. In addition,

the Court allowed the Plaintiff to submit a memorandum relating to costs.

The Plaintiff's submission raises two principal issues: (1) whether the Plaintiff is entitled to an award of attorneys' fees [1] and (2) whether the Plaintiff is entitled to an award of bid preparation and proposal costs.

## III. Is the Plaintiff Entitled to an Award of Attorney Fees?

### A. Introduction

The Plaintiff presents two arguments in support of its eligibility for attorneys' fees. First, the Plaintiff argues that it is entitled to an award of attorneys' fees under EAJA because it provided a "common benefit" pursuant to the private party exception under 28 U.S.C. § 2412(b).[2] Alternatively, the Plaintiff argues that it is entitled to an award of attorneys' fees as a remedy for a breach of an implied contract of fair dealing. For the reasons presented herein, the Court rejects the Plaintiff's arguments on the basis that the Plaintiff does not qualify for relief under the "common benefit" exception and that attorneys' fees are not an available remedy for breach of an implied contract.

### B. Can the Plaintiff Recover Attorney Fees Under the EAJA?

EAJA allows a Plaintiff to recover attorneys' fees in a suit against the United States. 28 U.S.C. § 2412 (1994) in various circumstances. The Plaintiff bases its argument on section 2412(b), a general provision, that states, in relevant part: "The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under common law." 28 U.S.C. § 2412(b) (1994). Under American common law, attorneys' fees are not normally awarded to private parties who prevail in a lawsuit unless they qualify for one of the recognized exceptions. *Mills v. Electric*

---

1. The Plaintiff also asks for an award of expert fees. Whether the Plaintiff is entitled to an award of expert fees follows the same rule as that for attorneys' fees. As a result, the conclusions reached on the issue of attorneys' fees apply to an award of expert fees.

2. The Plaintiff also argues that it is entitled to an award of attorneys' fees under the "interest of justice" exception to the American rule. The Plaintiff has not cited, and the Court is not aware of, any cases that grant attorneys' fees under an "interest of justice" exception to the "American rule." Accordingly, Plaintiff's argument is rejected.

*Auto–Lite,* 396 U.S. 375, 391, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970); *Gavette v. Office of Personnel Management,* 808 F.2d 1456, 1460 (Fed.Cir.1986). This principle is commonly referred to as the "American rule." Thus, the Plaintiff will not be able to recover fees unless it can show that it qualifies for an exception to the "American rule." One such exception is the "common benefit" exception.

■ The "common benefit" exception allows attorneys' fees to be awarded when: (1) the plaintiff shows that it has conferred a substantial benefit on members of an ascertainable class, and (2) the jurisdiction of the court permits an award that will operate to spread the costs proportionately among them. *Mills,* 396 U.S. at 393–94, 90 S.Ct. 616.

Cases where the "common benefit" exception has been permitted have generally involved shareholder derivative, labor union or class action lawsuits. *See, e.g., Hall v. Cole,* 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973) (labor union lawsuit); *Mills,* 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970) (shareholder derivative lawsuit); *County of Suffolk v. Long Island Lighting Co.,* 907 F.2d 1295 (2d Cir.1990) (class action lawsuit); *see also* Mary Francis Derfner & Arthur D. Wolf, *Court Awarded Attorney Fees* ¶ 3.01 at 3–8 (1999). These cases have the following criteria in common: (1) the ascertainable class had more than one person who was "easily identifiable," (2) "the benefits could be traced with some accuracy," and (3) "there was reason for confidence that the costs could be shifted with some exactitude to those benefitting." *Alyeska Pipeline Svc. Co. v. Wilderness Society,* 421 U.S. 240, 264 n. 39, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).

The Plaintiff contends that it qualifies for attorneys' fees under the "common benefit" exception. The Plaintiff argues that it conferred a substantial benefit by showing that the United States violated FAR 15.206, and by obtaining an injunction requiring the Defendant to repeat the bidding process. The Plaintiff further asserts that this litigation benefited three ascertainable classes: (1) additional offerors in the competitive range who will now have their bids evaluated to the same standard, (2) all contractors competing for contracts with the U.S. Marshals Service because now fixed costs will be evaluated properly, and (3) the Defendant, because by complying with the directions of the Court, the Defendant will ensure that it is awarding a contract that is the best value to the United States. The groups that the Plaintiff identifies as ascertainable classes do not meet the criteria of the "common benefit" exception.

■ The first proposed group of beneficiaries are the additional offerors who were within the zone of active consideration. The members of this group are ascertainable and they benefited from the litigation because they received a new opportunity to compete for the contract. However, forcing the United States to pay attorneys' fees because this group benefited would contradict the policy behind the "common benefit" exception. In "common benefit" cases, attorneys' fees are awarded when the costs will be shifted to the beneficiaries. Costs are shifted when the defendant and the beneficiaries are related in such a way that a charge against the defendant will be spread to the beneficiaries. *Hall,* 412 U.S. at 8–9, 93 S.Ct. 1943. In the present case, the additional offerors are not related to the Defendant. Because the offerors are not related to the Defendant, judgment against the Defendant will not directly affect them. In addition, because the offerors are not parties to the lawsuit, the Court does not have jurisdiction to order them to pay fees. As a result, if attorneys' fees are charged to the Defendant, those costs will not be borne by the additional offerors. Therefore, with respect to other offerors in the zone of consideration, the "common benefit" exception does not entitle the Plaintiff to attorneys' fees.

■ The second proposed group is a class comprised of all contractors competing for contracts with the U.S. Marshals Service. The problem with this group is that the members are not *ascertainable.* "All contractors competing for contracts" are not easily identifiable and the Plaintiff has offered no method for identifying them. Many different contractors bid upon contracts with the U.S. Marshals Service. It would be impossible to determine who is a beneficiary

and who could be a beneficiary in the future. Moreover, even if the contractors benefited from the lawsuit, the attorneys' fees could not be spread among them for the reasons explained in the previous paragraph. Thus, the contractors are not an ascertainable class.

The third proposed group is the United States. The United States is not a class. A class must consist of more than one party. Because the government is one party, it cannot be considered a class.

The three ascertainable classes cited by the Plaintiff do not qualify it for an award of attorneys' fees under the "common benefit" exception because: (1) litigation costs will not be shifted to the offerors in the zone of active consideration, (2) all contractors competing for contracts are not ascertainable, and (3) one party by itself is not a ascertainable class. Because the Plaintiff's. EAJA argument is rejected, the Court will now turn to the Plaintiff's alternative argument that it is entitled to an award of attorneys' fees as a remedy for the Defendant's breach of the implied contract of fair dealing.

## C. Can the Plaintiff Recover Attorney Fees Under an Implied Contract Theory?

Alternatively, the Plaintiff contends that because the Defendant breached the implied contract of fair dealing, attorneys' fees are available as an award under an implied contract theory. The Plaintiff's argument can be divided into three parts: (1) the Court of Federal Claims retains jurisdiction over bid protest actions based on a theory of implied contracts; (2) this Court, in its previous decisions found that the Defendant breached this implied contract; and (3) an appropriate remedy for breach of implied contract is an award of attorneys' fees. The Court holds that the third part of the Plaintiff's argument is incorrect. Because of this holding, the Plaintiff's entire argument fails and, as a result, the Court need not address the first two parts.

Ordinarily, attorneys' fees are not a permissible remedy for breach of contract. In a breach of contract suit, remote and consequential damages are not recoverable. *Wells Fargo Bank, N.A. v. United States,* 88 F.3d 1012, 1021 (Fed.Cir.1996) (quoting *Northern Helex Co. v. United States,* 207 Ct.Cl. 862, 524 F.2d 707, 720 (1975)). Attorneys' fees are "remote indirect consequences" of a breach of contract, and were not directly contemplated by the parties when they formed the contract. *Wm. T. Thompson Co. v. United States,* 26 Cl.Ct. 17, 27 (1992) (citing *Hadley v. Baxendale,* 9 Ex. 341, 156 Eng. Rep. 145 (1854)), *aff'd sub nom. Hercules, Inc. v. United States,* 24 F.3d 188 (Fed.Cir.1994). Therefore, attorneys' fees are not a permissible damage remedy for breach of contract and the Plaintiff's argument is rejected.

The cases relied on by the Plaintiff are distinguishable. The Plaintiff relies on *Crux Computer Corp. v. United States,* 24 Cl.Ct. 223 (1991), and *Concept Automation Inc. v. United States,* 41 Fed.Cl. 361 (1998) to support its argument that an award of attorneys' fees is a proper remedy for breach of implied contract in a bid protest case. Although *Crux* stated that the Court had the jurisdiction to award bid protest costs for breach of an implied contract, this was dicta because attorneys' fees were not actually awarded. *Crux,* 24 Cl.Ct. at 226. Thus, *Crux* is not helpful to the Plaintiff.

*Concept Automation Inc.* was a bid protest action where the Court found that the defendant breached an implied contract of fair dealing and awarded attorneys' fees to the plaintiff. However, this case is not helpful to the Plaintiff for two reasons. First, the Court only awarded damages for attorneys' fees related to prior administrative and District Court hearings. The plaintiff was not awarded attorneys' fees for the Court of Federal Claims action because it qualified for relief under EAJA. *Id.* at 371. Second, the Court limited the holding to attorneys' fees for prior actions, stating that it was not "implying a cause of action to recover fees into every implied-in-fact contract that the government might breach." *Concept Automation,* 41 Fed.Cl. at 371. As a result, *Concept Automation* does not provide support to the Plaintiff.

Because the Plaintiff does not qualify for relief under EAJA, and because attorneys' fees are not an appropriate award for breach of contract, the Plaintiff cannot recover its bid protest costs. The remaining issue is whether the Plaintiff can recover its bid proposal and preparation costs under the Administrative Dispute Resolution Act of 1996 ("ADRA") and is discussed in the following section.

## IV. Can the Plaintiff Recover Bid Proposal and Preparation Costs?

The ADRA permits the Court of Federal Claims to award bid proposal and preparation costs in a bid protest action. 28 U.S.C. § 1491(b)(2) (1994). Specifically, the ADRA provides "the Court may award any relief that the Court considers proper, including declaratory and injunctive relief except that any monetary relief shall be limited to bid preparation and proposal costs." 28 U.S.C. § 1491(b)(2) (1994).

Although the Defendant recognizes the authority of the Court to award bid proposal and preparation costs, the Defendant urges the Court to exercise its discretion not to award them.[3] The Defendant argues that because this Court has already granted the Plaintiff injunctive relief, an award of bid proposal and preparation costs would amount to a "double penalty." The Defendant argues that the injunction, which required a repeat of the bidding process, is a sufficient remedy by itself because the injunction restored the Plaintiff to the position that it would have been "but for" the government's error. The Defendant further argues that a monetary award, when added to the injunction, would place the Plaintiff in a better position. The Defendant contends that the Plaintiff will occupy a position of competitive advantage because all other bidders choosing to compete in the second bid process will incur costs for two bid proposals while a monetary award will allow the Plaintiff to incur costs for only one proposal.

The Court rejects the Defendant's argument for two reasons. First, the plain language of 28 U.S.C. § 1491(b)(2) permits the grant of proposal and preparation costs as well as injunctive relief. The statute contains no condition that if injunctive relief has already been granted, monetary damages are not available. Congress has balanced the need of providing incentives to challenge government errors and the concern of preventing too high of a penalty from being assessed against the government. Congress has solved this balance by allowing an award of bid proposal costs and injunctive relief and by not authorizing an award of bid protest costs.

Second, an injunction requiring a repeat of the bidding process does not place the Plaintiff in the same position they would have been in "but for" the government's error. The Plaintiff paid for its first bid proposal. The Plaintiff paid for bid protest expenses, for which the Court cannot provide compensation. In addition, the Plaintiff paid for a second bid proposal. Even by receiving an award of bid proposal and preparation costs for its first bid, the Plaintiff will have spent a greater sum in bid protest costs, including attorneys' fees. As a result, the Plaintiff has incurred greater costs than it will recover, and it will not be in a better financial position than it would have been "but for" the government's error.

An award of bid proposal and preparation costs will also advance the public interest and help to ensure government compliance with procurement regulations. Offerors incur expenditures in preparing a bid proposal. When the government makes a prejudicial error, a disappointed bidder may expend additional funds on a bid protest action. If the disappointed bidder knows that it will be unable to recover any costs, it will have less incentive to bring a bid protest action due to the high costs associated with the litigation. By bringing a bid protest action, the disappointed bidder helps to ensure that the government complies with procurement regulations.

---

3. The Court notes that the United States did not argue that the Plaintiff failed to prove its entitled to an award of bid proposal costs. Accordingly, the Court does not decide this issue. *But see Alfa*

*Laval Separation, Inc. v. United States*, 47 Fed.Cl. 305, 311–12 (2000)(discussing different burdens of proof for injunctive relief and for a monetary award of bid preparation costs).

This case demonstrates how one bidder with proper incentives advances the public interest. The bid protest action arose as a result of the government's failure to comply with FAR 15.206. The government's error prejudiced the Plaintiff, and all other offerors that were in the zone of consideration. By bringing this action, the Plaintiff asserted its personal rights and also advanced the public interest by preventing the award of a contract after the government erred. Thus, because an award of bid proposal and preparation costs will not place the Plaintiff at a competitive advantage and because it is important to provide the incentive to bring a bid protest action to ensure bidders are treated fairly, this Court chooses to award of the Plaintiff its bid proposal and preparation costs associated with the first bid process.

The Plaintiff asks the Court for an award of bid proposal and preparation costs of $24,790. The Defendant does not challenge this amount. Accordingly, the Plaintiff's request is granted.

## V.  Costs

With its "Application and Memorandum for Fees and Other Expenses," the Plaintiff submitted a "Bill of Costs." The Court will consider this request, although the preferred practice is to submit the "Bill of Costs" as a separate document for treatment by the Clerk of the Court.

MVM included many items in its Bill of Costs, including a request for attorneys' fees, expert fees, and bid proposal costs. The United States does not object to the following items:

| | |
|---|---|
| Filing Fee | $   120.00 |
| Photocopying Fee | $   759.39 |
| Deposition Fee | $   435.60 |
| Total | $1,314.99 |

Appendix I to the Rules of the Court of Federal Claims sets out a form for the request of costs. Because the United States did not object to these costs, the Court awards them. The Court, however, notes that in regard to duplication expenses, Appendix I expressly requires that the applicant "provide number of copies, total pages

and cost per page." In addition, for costs incident to taking a deposition, Appendix I also requires that the applicant "attach statement as to need."

As explained in this opinion, attorneys' fees and expert fees are not recoverable. The Plaintiff has also provided no authority for an award for "Delivery Expense," "Westlaw Research," and "Travel / Parking." Accordingly, these costs are denied.

## VI.  Conclusion

Bid proposal and preparation costs are a permissible remedy in a bid protest action under 28 U.S.C. § 1491(b)(2). Accordingly, the Plaintiff is entitled to a recovery of bid proposal and preparation costs of $24,790.

In addition, the Court finds that attorneys' fees are not available in this bid protest action because the Plaintiff does not qualify under any exception to the "American rule" as permitted by EAJA. The Court also finds that attorneys' fees are not available as a remedy for a breach of an implied contract of fair dealing for a bid protest case.

Finally, the Court awards $1,319.99 as costs in this action.

The Clerk's Office is directed to enter judgment awarding the Plaintiff $24,790 for bid proposal and preparation costs, and $1,319.99 for costs.